Taeiaeebeo, J.
This suit was instituted on the 3d day of October, 1866, by the plaintiff, residing in the parish of East Feliciana, against' John Y. Mills, Joel H. Mills and Mrs. Joyce Mills, of Fointe Coupee," and Alexander Mills, of East Feliciana, in solido, on three promissory notes, secured by special mortgage on a plantation situated in the parish of Pointe Coupee.-
The first of these notes is dated April 24, 1860, for @11,715 35, payable to A. J. Norwood or order, twelve months after date, with eight per cent, interest per annum from maturity.
The second of the same date for @10,814 12, payable in like manner1 to A. J. Norwood or order, twenty-four months after date, and stipulating the like interest from maturity; and the third for @9,912 99, dated April 25, 1860, payable thirty-six months after date, with like interest from maturity.
Plaintiff avers that he is the owner and holder of said notes, under the blank endorsement of the payee.
The defendants plead prescription. The plea was sustained by the lower court as to the first note, which matured on the 24th day of April, 1861, and rendered judgment against' defendants for the amount of the other two notes, with interest, with recognition of the mortgage, and an order that the mortgaged property be seized and sold for the payment of the second and third notes, with the interest accrued, and all costs of suit. From this judgment the plaintiff has appealed.
Suit was filed in this case on the 6th of October, 1866, and citation was served on the 20th of November of the same year, a period of five years and six months after the maturity of the first note of the series. Six months after the time, when, under ordinary circumstances, had nothing occurred to interrupt prescription, defendants might first have set up the plea as a bar to the action.
The plaintiff contends that prescription was suspended by a condition of things which enables him to invoke the great equitable rule contra non valeniem agere non currit praescriptio. He alleges the impossibility for several years to prosecute his rights owing to the existence of war throughout a large portion of the State, and especially to the fact that the localities in which he and his debtors resided, became for three years a part of the arena of strife. He says: “It is a part of the history of the times, and of this country and State particularly, fresh in the memory of all, that, since the capture of New Orleans in April, 1862, to the surrender of the trans-Mississippi army of the so-called Confederate States, in June, 1865, a period of three years, a continued state of warfare existed in this State, especially in that portion of it lying south of the mouth of Red River; on the banks of the Mississippi river, and that this river was, during the period of time just stated, with the exception of some months in the latter part of 1862 and 1863, during the occupation of Port Hudson by the Confederates, in the possession of the United States forces; that it was the policy of the United States authorities to prevent crossing from one side to the other — armed vessels being stationed in the river for that purpose; and the Confederate authorities prohibited all communication, either for trade or other purposes, with the forces of the United States, whether occupying posts on the river or on their fleets. ”
*424 These statements of the plaintiff seem, in substance, to be conceded as true by the following admission, which we find in the record: “In this case it is admitted that Joseph E. Norwood has resided in East Feliciana parish, and John Y. Mills, Joel Mills, and Mrs. Joyce Mills, have resided in this parish of Point Coupée since 1861; that since May, 1862, to June, 1865, owing to the late war, the Mississippi river was continuously in possession of the armed forces of each and both the contending parties; and that crossing said river was very hazardous and dangerous, and impossible.”
In accordance with the view taken by this Court of cases presenting a similar state of facts, the plaintiff’s plea of suspension of prescription cannot avail him. Courts were open from July, 1865, and he might, with ordinary diligence, have brought his suit between that time and 24th of April, 1866, the period at which five years would have elapsed from the maturity of the first note of the series.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.